## LEWIS vs. LOOMIS.

*November 15 — November 30, 1880.*

*(1) Deed construed: Rights of grantor and grantee. (2) Trial by court: Reversal for admission of improper evidence.*

1. Plaintiff, owning a dam, flume, bulk-head, waste-gates and mill, and land connected therewith, in a city, conveyed to the city a strip of his land, with a clause in the deed by which he reserves "the right to maintain a dam and flume as the same now is, or erect a new one where the same now is, when necessary," and declares that the land is conveyed "solely for the purposes of a highway and bridge, and subject to the above restriction." The bridge first built upon the land conveyed was so near plaintiff's waste-gates that he was accustomed to stand upon the side of the bridge in using a lever to raise the gates; but subsequently defendant, as agent of the city, reconstructed the bridge a little farther from said gates, so that plaintiff could no longer raise them by standing upon the bridge. *Held*, that these facts show no cause of action against the city or the defendant.
2. When an action is tried by the court without a jury, the judgment will not be reversed for errors in the admission of evidence, if, apart from such evidence, it appears to be correct.

APPEAL from the County Court of *Dodge* County.

The case is thus stated by Mr. Justice TAYLOR:

"This action was commenced by the appellant to recover damages for an alleged injury to his flume, dam, waste-weir and gates, situate in the city of Beaver Dam, on a certain piece of land described in the complaint, caused by the placing of certain braces, timbers, bolts and materials upon the same, by the respondent. The latter answers that the *locus in quo* was owned by and in the possession of the city of Beaver Dam, and that said city had the right to erect, keep and maintain a public bridge in said city along and over the *locus in quo*, and along and over the dam, flume, waste-weir and gates of the plaintiff, and that he placed said timbers, braces, bolts and materials on and over said dam, etc., of the plaintiff, for the said city of Beaver Dam, as the employee of said city, in and about the repairs of a public bridge for said city; that his acts done in the repairing of said bridge are the same acts complained of by the plaintiff; and that in making such repairs he did no unnecessary injury to the said property of the plaintiff.

" On the trial, the plaintiff showed that he was the owner of a dam, flume, bulk-head, gates and mill in said city of Beaver Dam; that the gates at the bulk-head which were used for the purpose of waste-gates in high water, were situate near the side of a bridge in said city; and that he had been accustomed to raise said gates, when necessary, by the use of a lever, whilst standing on said bridge; that in 1878 the defendant repaired or reconstructed said bridge, and in so doing the new bridge was removed a short distance further from his gates than formerly, so that, standing on the bridge, it was more difficult to raise the gates; and that the bolts and timbers of the bridge also made it more difficult to raise them. The case was tried by the court without a jury. The evidence showed that the land along which the bridge was built formerly belonged to the plaintiff and two others, and that, on the 7th of July, 1869, plaintiff and his associate owners executed and delivered to the city of Beaver Dam a deed for a

strip of land 594 feet long and 66 feet wide, and that the bridge in question was built on a portion of said strip so conveyed to the city. The deed contains the following reservations and conditions: 'The parties of the first part, for themselves, their heirs and assigns, reserve the right to maintain a dam and flume as the same now is, or erect a new one where the same now is, 'when necessary, doing no damage to the highway and bridge to be made and erected on the above-described premises; and this conveyance is made solely and intended to be for the purposes of a highway and bridge, and for no other purpose whatever, and subject to the above restriction.' Otherwise the deed is an ordinary quitclaim deed, conveying all the estate, right, title, interest and claim of the grantors, either in law or equity, to the grantee, the city of Beaver Dam, for its own proper use and benefit. There was no evidence that the city had used such strip of land for any other purpose than as a street and for the maintenance of the bridge in question. The evidence showed that the thing complained of by the plaintiff as injuring him and interfering with his waste-gates was the bridge situate within the limits of said strip of land. There was no evidence tending to show that the bridge in any way injured the dam, flume, waste-weir or gates, except that, as the plaintiff claimed, the repaired or new bridge made it more difficult for him to raise his waste-gates from the bridge than it was from the old bridge. The evidence also showed that the plaintiff had put in new gates and bulk-head at the same time that the bridge was repaired; and it was almost conclusive that the new bridge was placed further from the waste-gates than the old one, by reason of the plaintiff having placed a large timber, fourteen inches in width, below the gates, which rendered it necessary to place the bridge beyond the timber, thereby carrying the bridge fourteen inches further from the gates than it would have been had there been no timber there. There was no evidence that the bridge was not properly con-

structed, nor that it was improperly located. The evidence shows that the old gates were located on the same side of the bridge, but nearer to it."

There was a judgment for the defendant, from which the plaintiff appealed.

The cause was submitted on the brief of *A. Scott Sloan* for the appellant, and that of *H. W. Lander* for the respondent.

TAYLOR, J. The plaintiff seems to have proceeded upon the theory that the city of Beaver Dam, in the construction of its bridge, was bound to consult the convenience of the plaintiff, and to so construct it as to aid him in raising his waste-gates. We think he is mistaken as to his rights under his grant to the city. Under the grant, the city took the right to use the strip of land for the purposes of a street and bridge, and so long as the city made a reasonable use of it for that purpose, and did not so construct or use its bridge as to render it unnecessarily expensive for the plaintiff to maintain his *dam and flume as it was at the time of the grant*, he has nothing to complain of. The city was under no obligation to maintain its bridge so as to be an aid to the plaintiff in raising his gates. If it would be better for the public and safer for the city to construct the bridge so that it could not be used at all for hoisting the plaintiff's waste-gates, we are unable to see how the plaintiff would have any right to complain, so long as he was able to keep and maintain his dam and flume as it was formerly kept and maintained. We find nothing in the reservation in the deed which makes it incumbent on the city to permit the plaintiff to have an advantageous position upon its bridge for raising his waste-gates. The plaintiff, having failed to show that he was entitled to have the bridge constructed with a view to facilitating the hoisting of his waste-gates, failed to make out any cause of action against the defendant, either as an individual acting upon his own behalf, or as acting on behalf of the city of Beaver Dam. In this view

of the case, it is unnecessary to pass upon the questions raised upon the exceptions to the evidence. The case having been tried by the court without a jury, if upon the whole case it appears that the judgment of the court below was correct, and that, excluding all the evidence which it is alleged was improperly admitted, the judgment must have been the same, this court will affirm the judgment, notwithstanding any errors in the admission of such evidence.

*By the Court.* — The judgment of the county court is affirmed.